**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3949-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRANDON SEGAR, a/k/a
RUSSEL A. McKEE,

    Defendant-Appellant.

_____

Submitted March 26, 2020 – Decided June 17, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 12-02-0302.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M.S. Hebbon, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brandon Segar appeals the March 2, 2018 denial of his petition for post-conviction relief (PCR). Having reviewed the decision in light of the procedural history and record, we affirm for the reasons stated by Judge Christopher R. Kazlau in his written decision. We add the following brief comments.

Defendant entered a guilty plea to third-degree possession of imitation controlled dangerous substances (CDS) with intent to distribute, N.J.S.A. 2C:35-11, and first-degree armed robbery, N.J.S.A. 2C:15-1. On December 19, 2014, he was sentenced to fourteen years imprisonment subject to the No Early Release Act's eighty-five percent parole bar, N.J.S.A. 2C:43-7.2, on the robbery, concurrent to a five-year flat sentence on possession of imitation CDS with intent.

Defendant appealed his sentence on the excessive sentence oral argument (ESOA) calendar. It was affirmed on April 15, 2015. On October 9, 2015, the Supreme Court remanded the matter for us to consider whether defendant's plea colloquy sufficed to establish an adequate factual basis for the offenses.

On March 9, 2016, after the issue was argued, a second ESOA order memorialized the panel's decision that the factual basis was adequate, and that thus the judgment of conviction and sentence were affirmed. Defendant's

petition for certification was thereafter denied. State v. Segar, 227 N.J. 132 (2016).

Now on appeal, defendant raises the following points:

> POINT I: THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WAS PRO[C]EDURALLY BARRED BECAUSE THE ISSUES RAISED IN THE PETITION WERE ALREADY ADJUDICATED ON DIRECT APPEAL.

> POINT II: THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO ELICIT AN ADEQUATE PLEA FACTUAL BASIS, THE FIRST APPELLATE COUNSEL'S FAILURE TO RAISE THE INADEQUATE FACTUAL BASIS ISSUE, AND THE SECOND APPELLATE COUNSEL'S FAILURE TO PROPERLY CHALLENGE THE INADEQUATE FACTUAL BASIS.

>> A. The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel, Evidentiary Hearings And Petitions For Post Conviction Relief.

>> B. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of Him Allowing Defendant To Plead Guilty To Robbery When There Was An Insufficient Factual Basis For This Offense.

3

> C. Defendant's First Appellate Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Raise The Issue Of The Inadequate Factual Basis On Direct Appeal.
>
> D. Defendant's Second Appellate Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Properly Challenge The Issue Of The Inadequate Factual Basis.
>
> E. Defendant Is Entitled To A Remand To The Trial Court To Afford Him An Evidentiary Hearing To Determine The Merits Of His Contention That He Was Denied The Effective Assistance Of Trial And Appellate Counsel.

These points lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Defendant is pursuing the same claim previously addressed under the guise of ineffective assistance of counsel.

In order to establish the entitlement to PCR by a preponderance of the credible evidence, a petitioner must "provide the court with an adequate basis." State v. Mitchell, 126 N.J. 565, 579 (1992); see, e.g., State v. Preciose, 129 N.J. 451, 459 (1992). To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his attorney made an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). A

4

defendant must also demonstrate that the alleged error prejudiced his defense. Ibid.

Since the factual basis has been previously found to have been adequate, defendant's prior counsel cannot be said to have failed to represent him in a competent fashion. In other words, an ineffective assistance of counsel claim cannot be grounded on competent representation, and it must be based on an error or omission of constitutional magnitude. If we found the colloquy supported the plea, counsel's representation was competent.

Furthermore, nowhere does defendant explain how an inadequate factual basis per se is a reason, had it been explained to him, that he would have proceeded to trial. Pursuant to State v. Fritz, 105 N.J. 42, 60-61 (1987), a defendant must show how the error committed by counsel was of such a nature that but for that mistake he would have proceeded to trial. Logically, the failure to establish an adequate basis, assuming for the sake of argument that it occurred, was not such a mistake. Defendant falls far short of meeting either prong under Strickland.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3949-17T4